*Crook and Thurston* vs. *Peebly.*

## CROOK AND THURSTON *vs.* PEEBLY.

A person claiming an estray as taken up must show that all the pre-requisites of the law have been complied with. He must show the performance of all those acts which the law requires to be performed, in order to vest the property of the estray in him.

### APPEAL from Morgan Circuit Court.

RICHARDSON *and* KOUNSLA, *for Appellants.*

1. The Circuit Court erred in giving the instructions asked for by the plaintiff, and in refusing the first instruction asked for by the defendants. (The Statute of 1835, concerning strays, makes it the duty of the Secretary of State to select and contract with one printer on each side of the Missouri River to print advertisements of strays, and requires the clerks of the county courts to furnish the printer with the proper papers for advertisement, and to account with the printer for publishing the same. The law of 1825 required the taker up of an estray to have a proper notice thereof printed in some newspaper; and in this respect the existing law upon the subject of strays differs from the law of 1825.)

2. The duties of the taker up of an estray cease, under the present law, when he has paid " to the clerk all fees, the necessary postage, and the price of advertisements;" and if the printer or clerk fails to do his duty, he forfeits to the county a penalty.—See 2 Digest of Missouri of 1825, 756; also, Digest of 1834 and 1835, p. 594-6.

3. Every officer is presumed to have performed his duty, and discharged the trusts enjoined upon him by the government, until the contrary is proved.— Buller's Nisi Prius, 298, Hickman *vs.* Boffman; Harding's Rep., 348, Hartwell *vs.* Root; 19 Johns. Rep., 362.

ADAMS *and* HAYDEN, *for Appellee.*

1. It was the duty of the defendants to show that every requisite of the stray law had been complied with, and not for the plaintiff below to prove a negative.— See Hanyman *vs.* Titus, 3 Mo. Rep., 302; Laws of Missouri of 1835, title, "Strays."

2. That there is no presumption in favor of a party claiming title by an ex-parte proceeding; that officers or third persons have performed their duty; but the party who claims the title thus derived must make that appear.— Morton *vs.* Reed, 6 Mo. Rep., 64.

3. That there was no proof that the appraisers were disinterested, or that the stray had been advertised, and the verdict was therefore for the right party.—See the case of Hanyman *vs.* Titus, above cited.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of trover, brought by Peebly, against Crook and Thurston, for a horse, the property of Peebly, taken up by Thurston as a stray, and sold to Crook. On the trial, Peebly had a verdict and judgment.

The court below directed the jury, that it was necessary for the defendants, in order to show property in themselves, to prove that notice of the taking up of the horse as a stray had been published in some newspaper authorised to publish the same by law. This direction was excepted to, and the defendants moved the court to instruct the jury, that in order to show property in themselves, they were not bound to prove that the appraisers were disinterested householders, and that it was not necessary to prove that notice of the taking up of the stray had been published in a newspaper authorised by law to publish stray notices. This instruction was refused, and the defendants excepted.

It was urged for the defendants, that the stray law now in force was different from that of 1825, under which the opinion of this Court, in the case of Henyman *vs.* Titus, 3 Mo. Rep., was pronounced. That the act of 1825 required the taker up of an estray to publish notice of the fact in some newspaper, but by the law now in force the taker up is relieved of that burden, and upon paying the necessary fees to the clerk, it is his duty to transmit the notice to the publisher of stray advertisements, who is required to publish the same.

The law divests the property of the owner of an estray, and vests it in the taker up, upon the performance of certain acts by him and others. The performance of those acts are essential pre-requisites, in order to pass the property of the owner. It was argued, that the law will presume that an officer has done his duty, and therefore we are bound to presume that those acts have been done which they are required to do. But a party who sets up a title to property, must show the evidence necessary to support it. The acts of the officer constitute a link in the chain of title, the evidence of which it is necessary to preserve. When an estray is taken up, the person taking it up knows what the law requires, in order to vest the stray in him. It is his duty to see that the requisitions of the law are complied with, and it is an easy matter to preserve the evidence of such compliance. If the law would presume, in favor of the taker up, that the officers had done their duty, it cannot be denied but that the presumption might be rebutted, and is it not easier for the taker up to show the performance of the acts necessary to give him title, than for the owner to prove the negative?

These principles were maintained in the case of Henyman *vs.* Titus, decided by this Court many years since, and no law has come under the review of the legislature oftener than that concerning strays. Yet it has never been deemed expedient to relieve the taker up of an estray from the necessity of proving the performance of those acts which that case required to be established, in order to vest the property of an estray in him.

Judgment affirmed.

TOMPKINS, *Judge.*—I concur in affirming the judgment, because it is not apparent on the record that the appraisers were disinterested householders.